**O'BRIEN BROS., Inc., v. MALONEY MATERIALS CORPORATION et al.**

**No. 305.**

Circuit Court of Appeals, Second Circuit.

June 28, 1943.

Thomas A. McDonald, of New York City, for appellant.

Christopher E. Heckman, of New York City, for libellant.

Herbert B. Lee, of New York City, for City of New York.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

PER CURIAM.

The judge found that "the barge was delivered * * * pursuant to an agreement between the parties that the respondent would be liable for any damage suffered by the barge in the course of the delivery of its contents at North Beach Airport." The testimony of O'Brien amply supported this. He swore, and Maloney did not deny it, that Maloney had agreed "to assume all responsibility for the scow"; language which could mean nothing less than a complete assumption of responsibility. The suggestion that the promise was not concrete enough is wholly insubstantial.

The only other questions are, whether the City of New York was a wharfinger; and whether it could be made liable over because of the chart in the files of the Dock Department. The locus in quo was in no sense a wharf, and it was never to be a wharf. The City was not in possession of it and did not hold itself out as a wharfinger. As for the chart, McGregor appears to have assumed upon his own responsibility that he could trust to the soundings in bringing the barge alongside the bulkhead. Who showed it to him, and whether whoever did, had any authority to do so, does not appear. McGregor may have got leave to see it from some menial subordinate, or from no one at all. The proof is altogether missing by which to charge the City.

Decree affirmed.